GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY 5860-0
esaffery@goodsill.com
JASON M. TANI 4859-0
jtani@goodsill.com
JANICE T. FUTA 1765-0
jfuta@goodsill.com
SHANNON M. WONG 11846-0
swong@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawai‘i 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant and Counterclaimant
SHELLEY WILSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| GARY HOLTZER,<br><br>Plaintiff / Counterclaim-Defendant,<br><br>vs.<br><br>SHELLEY WILSON,<br><br>Defendant / Counterclaimant. | CIVIL NO. 1:26-cv-00362-MWJS-WRP<br><br>DEFENDANT SHELLEY WILSON'S ANSWER TO COMPLAINT; COUNTERCLAIM; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE |

**DEFENDANT SHELLEY WILSON'S ANSWER TO COMPLAINT**

Defendant SHELLEY WILSON ("Wilson"), by and through her attorneys, Goodsill Anderson Quinn & Stifel, A Limited Liability Law Partnership LLP, hereby submits her answer to Plaintiff GARY HOLTZER's ("Holtzer") Complaint, filed July 13, 2026 ("Complaint"), CM/ECF 1, as follows:

**FIRST DEFENSE**

1. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

PRELIMINARY STATEMENT

2. Answering Paragraph 1 of the Complaint, Wilson states that this paragraph contains a party statement characterizing Holtzer's claims, to which no response is required. To the extent a response is required, Wilson admits only that disputes exist between the parties concerning a Porsche Cayenne, a document styled as a promissory note, and a ring, but denies Holtzer's characterizations of those disputes and the valuation of damages claimed.

THE PARTIES

3. Answering Paragraph 2 of the Complaint, Wilson is without information or knowledge sufficient to form a belief as to the truth of the

allegations contained in said paragraph and, on that basis, denies those allegations and leaves Holtzer to his proof.

4. Wilson admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

5. Answering Paragraph 4 of the Complaint, Wilson states that this paragraph merely asserts legal conclusions, to which no response is required. To the extent a response is required, Wilson is without information or knowledge sufficient to admit or deny said paragraph at this time.

6. Answering Paragraph 5 of the Complaint, Wilson states that this paragraph merely asserts legal conclusions, to which no response is required. To the extent a response is required, Wilson admits that the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over claims forming part of the same case or controversy.

7. Answering Paragraph 6 of the Complaint, Wilson states that this paragraph merely asserts legal conclusions to which no response is required.

8. Wilson admits the allegations in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

### I. The Orange Porsche Cayenne

9. Answering Paragraph 8 of the Complaint, Wilson admits that she acquired the Porsche Cayenne in February 2023 and that Holtzer provided

funds in connection with the purchase. Wilson denies the remaining allegations contained in Paragraph 8 of the Complaint to the extent it mischaracterizes the parties' communications and the nature of the transaction.

10. Answering Paragraph 9 of the Complaint, Wilson admits that Holtzer transferred a certain sum to her on or about February 25, 2023. Wilson denies the remaining allegations contained in Paragraph 9 of the Complaint to the extent it mischaracterizes the nature and amount of the transfer, including the word "advanced," and implies a loan or an obligation of repayment.

11. Answering Paragraph 10 of the Complaint, Wilson admits that she applied funds toward the purchase of the Porsche but denies the remaining allegations contained in Paragraph 10 of the Complaint.

12. Answering Paragraph 11 of the Complaint, Wilson states that the email dated February 27, 2023 speaks for itself.

13. Answering Paragraph 12 of the Complaint, Wilson admits that portion of said paragraph as it relates to an agreement to transfer title of the Porsche to Holtzer but affirmatively states that Holtzer failed to complete the transfer paperwork. Wilson denies the remaining allegations of Paragraph 12 of the Complaint to the extent that they imply any wrongdoing or improper conduct on the part of Wilson.

14. Answering Paragraph 13 of the Complaint, Wilson admits that she has maintained possession and use of the Porsche and that Holtzer is not listed as an owner on the Porsche's title.

15. Answering Paragraph 14 of the Complaint, Wilson states that the written demand dated October 10, 2025 speaks for itself. Wilson denies the remaining allegations in Paragraph 14 of the Complaint.

16. Answering Paragraph 15 of the Complaint, Wilson states that the written demand dated April 4, 2026 speaks for itself.

17. Answering Paragraph 16 of the Complaint, Wilson admits that she holds title to the Porsche and has not transferred it to Holtzer. Wilson denies the remaining allegations contained in Paragraph 16 of the Complaint to the extent it mischaracterizes the nature and amount of the transfer, including the word "advanced," and implies a loan or an obligation of repayment.

18. Wilson states that this paragraph states Plaintiff's demand for relief, to which no response is required. To the extent a response is required, Wilson denies the allegations in Paragraph 17 of the Complaint.

## II. The Promissory Note

19. Answering Paragraph 18 of the Complaint, Wilson admits that she signed a document dated February 1, 2024. Wilson denies the remaining allegations contained in Paragraph 18 of the Complaint to the extent it

mischaracterizes the nature, validity, and/or enforceability of the document or otherwise implies that Wilson knowingly undertook any payment obligation.

20. Answering Paragraph 19 of the Complaint, Wilson denies that she borrowed $1,925,000 or any sum from Holtzer or that any such sum was advanced to her as a loan. As to the remaining allegations contained in Paragraph 19 of the Complaint, Wilson states that the interest rate provision contained in the document dated February 1, 2024 speaks for itself.

21. Answering Paragraph 20 of the Complaint, Wilson states that the document dated February 1, 2024 speaks for itself.

22. Answering Paragraph 21 of the Complaint, Wilson denies that any payment is due or owing under the document dated February 1, 2024.

23. Answering Paragraph 22 of the Complaint, Wilson states that the default-interest provision contained in the document dated February 1, 2024 speaks for itself.

**III. The Engagement Ring**

24. Answering Paragraph 23 of the Complaint, Wilson admits that on or about Thanksgiving Day, November 23, 2023, Holtzer proposed marriage and gave her a ring, which she accepted and wore. Wilson is without information or knowledge sufficient to form a belief as to the remaining allegations in

Paragraph 23 of the Complaint and, on that basis, denies those allegations and leaves Holtzer to his proof.

25. Answering Paragraph 24 of the Complaint, Wilson admits that the parties' engagement ended in February 2025 but denies the remaining allegations contained in said paragraph to the extent they imply Wilson requested to end the relationship.

26. Answering Paragraph 25 of the Complaint, Wilson admits that the parties' engagement did not result in marriage and was terminated. Wilson affirmatively states that the engagement was terminated by Holtzer in February 2025. Wilson lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25 of the Complaint concerning Holtzer's travel and his state of mind, and on that basis denies the same.

27. Wilson admits the allegations in Paragraph 26 of the Complaint.

28. Answering Paragraph 27 of the Complaint, Wilson admits that she has not returned the ring but affirmatively states that the ring was stolen from her residence in June 2026 and is no longer in her possession.

29. Wilson denies the allegations in Paragraph 28 of the Complaint.

**COUNT I**
**(Declaratory Judgment — Porsche Cayenne)**

30. Wilson repeats and incorporates by reference her responses to paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31. Answering Paragraph 30 of the Complaint, Wilson admits that an actual controversy exists concerning the Porsche and the amounts that Holtzer transferred to facilitate the purchase. Wilson denies the remaining allegations contained in Paragraph 30 of the Complaint to the extent they imply any sum is owed or repayable to Holtzer.

32. Answering Paragraph 31 of the Complaint, Wilson states that this paragraph merely asserts legal conclusions, to which no response is required. To the extent a response is required, Wilson denies the allegations in Paragraph 31 of the Complaint.

33. Wilson denies the allegations in Paragraph 32 of the Complaint.

34. Wilson denies the allegations contained in Paragraph 33 of the Complaint to the extent they imply any wrongdoing or improper conduct on the part of Wilson.

35. Answering Paragraph 34 of the Complaint, Wilson states that this paragraph merely asserts legal conclusions, to which no response is required. To the extent a response is required, Wilson denies the allegations in Paragraph 34 of the Complaint.

**COUNT II**
**(Unjust Enrichment — Porsche Cayenne)**

36. Wilson repeats and incorporates by reference her responses to paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Answering Paragraph 36 of the Complaint, Wilson admits that Holtzer transferred a certain sum to her and that the funds were applied toward the purchase of the Porsche. Wilson denies the remaining allegations contained in Paragraph 36 of the Complaint to the extent they imply any wrongdoing or improper conduct on the part of Wilson.

38. Answering Paragraph 37 of the Complaint, Wilson admits that she applied the funds toward the purchase of the Porsche. Wilson denies the remaining allegations contained in Paragraph 37 of the Complaint to the extent they imply any wrongdoing or improper conduct on the part of Wilson.

39. Answering Paragraph 38 of the Complaint, Wilson states that this paragraph merely asserts legal conclusions, to which no response is required. To the extent a response is required, Wilson denies the allegations in Paragraph 38 of the Complaint.

40. Wilson denies the allegations in Paragraph 39 of the Complaint.

41. Wilson denies the allegations in Paragraph 40 of the Complaint.

**COUNT III**
**(Declaratory Judgment — Promissory Note)**

42. Wilson repeats and incorporates by reference her responses to paragraphs 1 through 41 of the Complaint as though fully set forth herein.

43. Answering Paragraph 42 of the Complaint, Wilson admits that an actual controversy exists concerning the validity, enforceability, and amount, if any, due under the document dated February 1, 2024. Wilson denies the remaining allegations contained in Paragraph 42 of the Complaint to the extent they mischaracterize the nature, validity, and/or enforceability of the document or otherwise imply she is liable thereunder.

44. Answering Paragraph 43 of the Complaint, Wilson states that this paragraph merely asserts legal conclusions, to which no response is required. To the extent a response is required, Wilson denies the allegations in Paragraph 43 of the Complaint.

45. Answering Paragraph 44 of the Complaint, Wilson states that this paragraph merely asserts legal conclusions, to which no response is required. To the extent a response is required, Wilson denies the allegations in Paragraph 44 of the Complaint.

46. Wilson denies the allegations in Paragraph 45 of the Complaint.

47. Answering Paragraph 46 of the Complaint, Wilson states that this paragraph merely asserts legal conclusions, to which no response is required.

To the extent a response is required, Wilson denies the allegations in Paragraph 46 of the Complaint.

**COUNT IV**
**(Breach of Contract — Promissory Note)**

48. Wilson repeats and incorporates by reference her responses to paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49. Answering Paragraph 48 of the Complaint, Wilson admits that she signed a document dated on or about February 1, 2024. Wilson denies the remaining allegations contained in Paragraph 48 of the Complaint to the extent they imply any wrongdoing or improper conduct on the part of Wilson.

50. Wilson denies the allegations in Paragraph 49 of the Complaint.

51. Wilson denies the allegations in Paragraph 50 of the Complaint.

52. Wilson denies the allegations in Paragraph 51 of the Complaint.

**COUNT V**
**(Declaratory Judgment — Engagement Ring)**

53. Wilson repeats and incorporates by reference her responses to paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54. Answering Paragraph 53 of the Complaint, Wilson admits that an actual controversy exists concerning the ring. Wilson denies the remaining allegations contained in Paragraph 53 of the Complaint to the extent they imply Holtzer is entitled to its return or to its value.

55. Answering Paragraph 54 of the Complaint, Wilson states that this paragraph merely asserts legal conclusions to which no response is required. To the extent a response is required, Wilson denies the allegations in Paragraph 54 of the Complaint.

56. Answering Paragraph 55 of the Complaint, Wilson admits that she disputes Plaintiff's entitlement to the ring but denies that she has possession of the ring, which was stolen from her home in June 2026.

57. Answering Paragraph 56 of the Complaint, Wilson states that this paragraph merely asserts legal conclusion, to which no response is required. To the extent a response is required, Wilson denies the allegations in Paragraph 56 of the Complaint.

58. Wilson denies the allegations in Paragraph 57 of the Complaint.

59. Wilson denies the allegations in Paragraph 58 of the Complaint.

## PRAYER FOR RELIEF

60. Wilson denies all demands and prayers for relief in the "WHEREFORE" clause of the Complaint and all subparagraphs thereto.

61. Wilson denies any other allegations contained in the Complaint that are not specifically admitted herein.

**THIRD DEFENSE**

62. Wilson may rely upon the defense that Holtzer's claims are barred by his own contributory or comparative negligence.

**FOURTH DEFENSE**

63. Wilson may rely upon the defense that Holtzer's damages, if any, were caused by the acts or omissions of others over whom Wilson had no control or authority.

**FIFTH DEFENSE**

64. Wilson may rely upon the defense that Holtzer failed to mitigate his damages, if any.

**SIXTH DEFENSE**

65. Wilson may rely upon the defense of lack of proximate cause.

**SEVENTH DEFENSE**

66. Wilson may rely upon the defense of superseding and/or intervening cause.

**EIGHTH DEFENSE**

67. Wilson may rely upon the defense of offset or recoupment.

**NINTH DEFENSE**

68. Wilson may rely upon the defense of unjust enrichment.

**TENTH DEFENSE**

69. Wilson may rely upon the defense that if Holtzer suffered any damages, such damages were directly and foreseeably caused by Holtzer's own conduct, and/or Holtzer voluntarily accepted the risk of any damages Holtzer may have suffered, and therefore, pursuant to HRS § 663-31, Holtzer's claims are barred or reduced by his own negligence.

**ELEVENTH DEFENSE**

70. Wilson may rely upon the defense that she did not violate any contractual, statutory, or common law duty owed to Holtzer.

**TWELFTH DEFENSE**

71. Wilson may rely on the defense that she did not cause the purported damages in this matter or that if Holtzer suffered any damages as alleged in the Complaint, such damages were caused by the negligence, fault, liability, and/or conduct of Holtzer and/or persons or entities other than Wilson.

**THIRTEENTH DEFENSE**

72. Wilson may rely upon the defense that Holtzer is barred from maintaining this action against her based upon the doctrines of knowledge, assumption of risk, acquiescence, release, estoppel, unclean hands, waiver, and laches.

**FOURTEENTH DEFENSE**

73. Wilson may rely upon the defense that Holtzer is barred from maintaining this action against her based upon the doctrines of consent, compromise, and/or ratification.

**FIFTEENTH DEFENSE**

74. Wilson may rely upon the defense that any rights and remedies of Holtzer are restricted and limited by applicable contracts. Wilson further gives notice of her intent to rely on the affirmative defenses of statute of frauds, license, payment, failure of consideration, want of consideration, material alteration of the instrument under HRS § 490:3-407, lack of assent, gift, impossibility, illegality, and fraud.

**SIXTEENTH DEFENSE**

75. Wilson may rely upon the affirmative defenses of accord and satisfaction and settlement, to the extent that any rights and remedies of Holtzer are restricted and/or barred by other agreements and understandings reached between Wilson and Holtzer that resolved certain claims asserted by Holtzer in the Complaint.

**SEVENTEENTH DEFENSE**

76. Wilson may rely upon the defense that Holtzer's claims are barred by the applicable statute of limitations.

**EIGHTEENTH DEFENSE**

77. Wilson may rely upon the defense that Holtzer lacks standing to bring this matter before this Court.

**NINETEENTH DEFENSE**

78. Wilson may rely upon the defense that the Court before which this matter is pending lacks jurisdiction to adjudicate this case.

**TWENTIETH DEFENSE**

79. Wilson may rely upon the defense that Holtzer's claims are barred by any other applicable defenses set forth in Rule 8 and 12 of the Federal Rules of Civil Procedure.

**TWENTY-FIRST DEFENSE**

80. Wilson reserves the right to assert other affirmative defenses as set forth in Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend this Answer to allege those defenses that may be disclosed in the course of discovery and/or trial herein.

WHEREFORE, Wilson prays that judgment be entered in her favor and against Holtzer:

A. Dismissing the Complaint with prejudice;

B. Awarding Wilson all costs and expenses of suit, including reasonable attorneys' fees; and

C. Granting such other and further relief as the Court deems just and equitable.

DATED: Honolulu, Hawai‘i, October 13, 2026.

*/s/ Jason M. Tani*

EDMUND K. SAFFERY
JASON M. TANI
JANICE T. FUTA
SHANNON M. WONG

Attorneys for Defendant and Counterclaimant
SHELLEY WILSON